**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CR-152 AGF |
| | ) | |
| CHARLES WOLFE, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion for extension of time to file a § 2255 motion to vacate, set aside, or correct sentence. The motion will be denied.

After a trial by jury, concluding on October 17, 2017, defendant was found guilty of the following offenses: (1) conspiracy to distribute or possess with the intent to distribute controlled substances and controlled substance analogues, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(C) and 813; (2) conspiracy to commit offenses against the United States, in violation of 21 U.S.C. § 371; and (3) conspiracy to launder money, in violation of 18 U.S.C. §§ 1956(h) and 1957. He was sentenced to one-hundred eighty-six (186) months' imprisonment and three years' supervised release on July 5, 2018.

Defendant appealed his conviction and sentence to the Eighth Circuit Court of Appeals. *See United States v. Wolfe*, Nos. 18-2535 and 18-2536 (8th Cir. 2019). The Court of Appeals affirmed the judgment and conviction of the District Court. On February 14, 2020, defendant filed a petition for writ of certiorari with the Supreme Court of the United States. *Wolfe v. United States*, No. 19-7737 (2020). Defendant's petition for writ of certiorari was denied on March 23, 2020.

In the instant motion before the Court, defendant seeks an extension of time to file his motion to vacate his conviction and sentence, brought pursuant to 28 U.S.C. § 2255. The one-year limitation period for filing a § 2255 begins to run on the date on which the judgment challenged becomes final.

In this case, the judgment became final on the date his petition for writ of certiorari was denied by the Supreme Court of the United States. *See Campa-Fabela v. United States*, 339 F.3d 993 (8th Cir. 2003). Thus, defendant's statute of limitations to file his motion to vacate will expire on or about March 23, 2021.

Defendant placed his motion for extension of time in the prison mailing system on or about February 21, 2021. Thus, at the time he wrote his motion, his statute of limitations had not yet expired. Additionally, as of today's date, defendant still has eighteen (18) days to file his motion to vacate.

Defendant has not stated how much of an extension of time he is seeking in which to file his motion to vacate. And, defendant did not submit a proposed § 2255 motion along with his motion for extension. Moreover, the motion for extension does not contain any allegations sufficient to support a claim under § 2255.

A motion for extension of time to file a § 2255 motion is not a justiciable "case" or "controversy" within the meaning of Article III of the United States Constitution. *Green v. United States*, 260 F.3d 78, 82 (2nd Cir. 2001) (citing *United States v. Leon*, 203 F.3d 162, 164 (2nd Cir. 2000)). Consequently, a District Court does not have subject jurisdiction over such motions and they must be dismissed. However, a motion for extension of time may be construed to be a § 2255 motion if it "contains allegations sufficient to support a claim under section 2255 . . ." *Id.* at 83.

Therefore, before dismissing a motion for extension of time, a district court should first view the motion liberally and determine whether it may be construed as a § 2255 motion. *Id.*

Defendant's motion for extension of time does not contain any allegations sufficient to support a claim under § 2255. As a result, it must be denied and dismissed.[1]

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for extension of time [Doc. #1318] is **DENIED AND DISMISSED without prejudice**.

Dated this 5th day of March 2021.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

[1]For a district court to have jurisdiction over a motion to extend the time to file a § 2255 motion, the motion must either be filed concurrently with or after a § 2255 petition or be construed as the § 2255 petition itself. *Ramirez v. United States*, 461 F. Supp. 2d 439, 441 (E.D. Va. 2006). The court is permitted to construe a motion for extension of time as a § 2255 motion when it contains allegations sufficient to support a claim under § 2255. *Id.*