UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 4:14-CR-00152-AGF |
| ) | No: 4:14-CR-00175-AGF |
| ) | |
| CHARLES WOLFE, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Defendant Charles Wolfe was charged in two separate indictments related to his involvement in a major synthetic drug manufacturing and distribution conspiracy. The two cases were consolidated for a jury trial, and following that trial, on October 17, 2017, Wolfe was found guilty on all six counts with which he was charged. On July 5, 2018, Wolfe was sentenced to an aggregate term of 186 months' imprisonment. Wolfe is currently 63 years old and incarcerated at Butner FMC's federal medical center with a release date of February 14, 2030.

Wolfe now moves for a sentence reduction, also known as compassionate release, under 18 U.S.C. § 3582(c)(1)(A). Wolfe's most recent motions[1] for compassionate release,

---

[1] Wolfe has filed prior motions for compassionate release, which have been denied by the Court because Wolfe's medical conditions, while undoubtedly serious and extensive, did not at that time constitute extraordinary and compelling reasons warranting a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A).

which have been supplemented by his privately retained counsel, argue that Wolfe's medical condition has worsened to the point that his metastatic cancer has recurred and metastasized again, spreading to his urethra, with poor prognosis and a life expectancy of approximately 12 months.  In light of this, the Government has responded that it no longer opposes a reduction of Wolfe's sentences.  However, the Government requests that the Wolfe be required to spend six months in a residential reentry center (RRC), while Wolfe requests that he be released to reside with his wife in their home.  The Government further requests that the sentence reduction be conditioned on Wolfe's submission of a medical treatment plan and a home plan for approval by the United States Probation Office.

A court can reduce a final sentence only under the very limited circumstances listed in 18 U.S.C. § 3582(c).  Before the passage of the First Step Act, a defendant could not file a motion for compassionate release directly with the court.  Instead, only the Bureau of Prisons (BOP) could request compassionate release.  *See, e.g., United States v. Mills,* No. 1:10-CR-117 CAS, 2014 WL 3845441 (E.D. Mo. Aug. 5, 2014).  Under the First Step Act, a defendant may now file a direct motion with the court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."  § 3582(c)(1)(A).  The Government does not dispute that Wolfe has exhausted his administrative remedies.

Section 3582(c)(1)(A) "permits a district court to reduce a prisoner's sentence if,

after considering the factors in 18 U.S.C. § 3553(a), 'it finds that . . . extraordinary and compelling reasons warrant such a reduction' and 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'" *United States v. Taylor*, 28 F.4th 929, 930 (8th Cir. 2022) (quoting 18 U.S.C. § 3582(c)(1)(A)).  The parties and the Court agree that Wolfe has shown extraordinary and compelling reasons warranting a sentence reduction here, given his terminal medical condition.  See U.S.S.G. § 1B1.13(b)(1) (effective Nov. 1, 2023) (listing "a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory) . . . [such as] metastatic solid-tumor cancer" as an extraordinary and compelling reason).

The parties and the Court further agree that, in light of the six years that Wolfe has already served, his current health, and the terminal nature of his medical condition, Wolfe no longer poses a danger to the community, and a sentence reduction is appropriate considering the sentencing factors under 18 U.S.C. § 3553(a).  Therefore, the Court will grant Wolfe's motions for compassionate release.

The Court will deny the Government's request that Wolfe be released to an RRC for six months. The United States Probation Office has reviewed Wolfe's home plan and confirmed that his proposed residence would be more suitable for supervision than placement at an RRC due to the continuity of care in place at the residence and the likelihood that an RRC would struggle to provide proper accommodations to meet Wolfe's healthcare needs.  Further, Wolfe will still be subject to his three-year term of supervised

5

release, the terms of which will help mitigate the Government's concerns regarding the serious nature of Wolfe's offenses, and will adequately promote respect for the law, protect the public, and afford deterrence of future criminal conduct. Finally, the Court will permit the BOP to delay Wolfe's release for a period not to exceed 14 calendar days for the purpose of further investigating a home plan if necessary, providing any necessary quarantine or medical care, and/or making travel arrangements for Wolfe's release.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's pro se motions for compassionate release are **GRANTED**. ECF Nos. 1384 & 1393 in Case No. 4:14-cr-00152-AGF-5, and ECF Nos. 822 & 831 in Case No. 4:14-cr-00175-AGF-4. Defendant's sentence of imprisonment in this case is reduced to time served, plus a term of three years of supervised release. The terms of supervised release will be further updated to reflect current language. The BOP may delay Defendant's release for a period not to exceed 14 calendar days for the purpose of further investigating a home plan if necessary, any necessary quarantine or medical care, and/or to make travel arrangements for release.

An Amended Judgment complying with this Order and Memorandum is entered separately today.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 13th day of September, 2024.